NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000902
28-MAY-2014
10:04 AM**

CAAP-12-0000902

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DERRICK Y. SHIGEMURA, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
ʻEWA DIVISION
(CASE NO. 1DTA-11-05369)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)

Defendant-Appellant Derrick Y. Shigemura (Shigemura) appeals from the Judgment entered on October 2, 2012, in the District Court of the First Circuit (District Court).[1] Shigemura was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS)

---

[1] The Honorable Clarence A. Pacarro presided.

§ 291E-61(a)(3) (Supp. 2013).[2/] We affirm Shigemura's conviction and sentence.

Honolulu Police Department (HPD) Officer Robert Steiner observed Shigemura speeding and driving erratically. Officer Steiner stopped Shigemura's vehicle and subsequently arrested Shigemura for OVUII. After Shigemura was transported to the police station, HPD Officer Kathleen Cruz read to Shigemura a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form). Shigemura agreed to take a breath test and refused a blood test. Shigemura's breath test showed that he had a breath alcohol concentration of .105 grams of alcohol per 210 liters of breath -- a concentration that exceeded the legal limit. Shigemura moved to suppress the results of his breath test, and the District Court denied his motion.

On appeal, Shigemura challenges the District Court's denial of his motion to suppress. Shigemura argues that: (1) because the police failed to give him Miranda warnings before reading the Implied Consent Form to him and obtaining his decision on testing, the results of his breath test should have been suppressed as the fruit of a Miranda violation; (2) the results of his breath test should have been suppressed because the police misinformed him of his statutory right to an attorney under HRS § 803-9 (1993); and (3) the results of his breath test

---

[2/] HRS § 291E-61(a)(3) provides:

    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

    . . .

    (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Shigemura's complaint charged him with OVUII, in violation of HRS § 291E-61(a)(1) (Supp. 2013) and/or (a)(3), and alleged that he was subject to sentencing as a first offender in accordance with HRS § 291E-61(b)(1) (Supp. 2013). The District Court granted Shigemura's motion to dismiss the HRS § 291E-61(a)(1) portion of the charge, and Plaintiff-Appellee State of Hawai'i only proceeded to trial on the alleged HRS § 291E-61(a)(3) violation.

should have been suppressed because the police misinformed him of the sanctions for refusing to submit to testing.

We recently rejected the same arguments in <u>State v. Won</u>, No. CAAP-12-0000858, --- Hawai'i ---, --- P.3d ---, 2014 WL 1270615 (Hawai'i App. Mar. 28, 2014) (as amended on May 2, 2014). Based on <u>Won</u>, we conclude that the District Court properly denied Shigemura's motion to suppress, and we affirm Shigemura's conviction and sentence under HRS § 291E-61(a)(3) and (b)(1).[3]

DATED: Honolulu, Hawai'i, May 28, 2014.

On the briefs:

Jonathan Burge
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Alexa D. M. Fujise*
Associate Judge

---

[3] Although the District Court dismissed the HRS § 291E-61(a)(1) portion of the OVUII charge, <u>see</u> footnote 2, <u>supra</u>, the typed portion of the District Court's Judgment under "Violation Section" and its files erroneously indicate that Shigemura was convicted of violating both HRS § 291E-61(a)(1) and (a)(3). We direct the District Court to file a corrected judgment that clearly reflects that Shigemura was only convicted of violating HRS § 291E-61(a)(3), as a first offender under HRS § 291E-61(b)(1).

3